**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK LOUIS GONZALES,

Defendant - Appellant.

No. 13-50035

D.C. No. 3:12-cr-00547-AJB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted January 9, 2014
Pasadena, California

Before: W. FLETCHER, M. SMITH, and WATFORD, Circuit Judges.

**1.** Gonzales contends the district court erred by excluding his proposed

expert testimony. Although he offered conflicting rationales for admission of the

testimony below, Gonzales now argues that his expert would have testified that the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

effects of drug addiction or withdrawal tend to make addicts susceptible to manipulation, supporting his claim that he was "duped" into transporting drugs.

Based on Gonzales's explanation supporting admission of his expert's testimony to the district court, the court did not abuse its discretion in concluding that the evidence was insufficiently probative. *See United States v. Amaral*, 488 F.2d 1148, 1153 (9th Cir. 1973). As Gonzales points out, we have previously held that a district court erred in excluding expert testimony about a defendant's diminished perceptive abilities where knowledge was an element of the crime. *See United States v. Rahm*, 993 F.2d 1405 (9th Cir. 1993). But Gonzales failed to adequately explain to the district court that he sought to put on expert testimony for a *Rahm*-type purpose, and the district court was understandably confused by Gonzales's statements that the expert would address, among other things, whether a heroin and methamphetamine addict would "be capable of telling the truth." The district court acted within its discretion in excluding the latter testimony.

**2.** Gonzales argues that he should have been allowed to examine the case agent about a government memorandum regarding unrelated drug trafficking incidents in which Mexican drug traffickers hired unwitting couriers through newspaper ads. The district court did not abuse its discretion in concluding that this evidence would be likely to confuse the issues, mislead the jury, and unduly

delay the trial because the government would then seek to introduce contrary evidence about drug trafficking operations. *See* Fed. R. Evid. 403.

**3.** The district court did not abuse its discretion in admitting recordings and transcripts of telephone conversations between Gonzales and an unidentified woman. The woman's statements were offered only to provide context for Gonzales's responses, not for the truth of what she said. *See* Fed. R. Evid. 801(c). The court made that point clear to the jury by issuing an appropriate limiting instruction. *See United States v. Whitman*, 771 F.2d 1348, 1352 (9th Cir. 1985).

**AFFIRMED.**